No. 18,582.

W. H. BOWERS, *Appellee,* v. LIZZIE T. JETT et al., *Appellants.*

SYLLABUS BY THE COURT.

FIRST MORTGAGE—*Foreclosure Sale—Partition—Sale—Proceeds of Land Exhausted—Second Mortgage Not Enforceable.* The owner of real property upon which he had given two mortgages died intestate. The first mortgage was foreclosed, the holder of the second being a party. In a partition suit brought to divide the property among the heirs of the mortgagor a decree was rendered for its sale, the proceeds to be applied first to the payment of the judgment on the first mortgage. Before the sale was made in the partition action the property was sold under the foreclosure. The bidder at the partition sale held the certificate of purchase issued in pursuance of the foreclosure sale, and in effect applied it upon the bid at the second sale. The court in the partition action directed the sheriff to redeem from the foreclosure sale out of the proceeds of the partition sale. A sheriff's deed was issued to the purchaser at the latter sale. *Held,* that it conveyed a good title, and the second mortgage is not enforceable.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed January 10, 1914. Reversed.

*John A. Hale,* of Kansas City, *H. L. Burgess, I. O. Pickering,* both of Olathe, *Hugh C. Smith,* and *Leslie J. Lyons,* both of Kansas City, Mo., for the appellants.

*Thomas Irish,* of Kansas City, Mo., *William B. Sutton,* and *William B. Sutton, jr.,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: W. H. Bowers brought an action to foreclose a mortgage, which was resisted by Lizzie T. Jett, who asserted ownership of the land, freed from the plaintiff's lien. The case was sent to a referee, who reported the facts in detail, and concluded that the defendant should recover. The trial court, however, gave judgment for the plaintiff, from which an appeal is taken.

The facts found by the referee were practically adopted by the court throughout. Some of the findings were modified, but in each instance the difference of opinion between the referee and the court was not really as to what had taken place, but as to the legal consequences that followed. Therefore we have only to determine the rights of the parties under the established facts, which for present purposes may be thus stated:

In 1898 Allen G. Woodcock owned the land in controversy. On June 14 of that year he gave a first mortgage upon it for $1500. The next day he made a second mortgage to his son, Chester O. Woodcock, for the expressed consideration of $2500. He died intestate March 20, 1899, his only heirs besides his wife and his son Chester being another son. The first mortgage was foreclosed in an action brought in the district court of Wyandotte county July 17, 1902, Chester O. Woodcock being a party. Judgment was rendered March 17, 1903, for $1927.50, bearing 8 per cent interest. November 16, 1900, a partition suit was begun in the court of common pleas, for the purpose of dividing the real estate among the heirs of Allen G. Woodcock. A division in kind was found impracticable, and a sale was ordered. A decree in the partition suit was rendered June 6, 1904, providing that if no party took the property at its appraised value ($3600) it should be sold by the sheriff at not less than two-thirds of the

appraisement, the proceeds, after payment of costs and taxes, to be applied to the judgment in the foreclosure action, the residue to be distributed among the heirs. June 27, 1904, a sale under the mortgage foreclosure was had, which was confirmed July 2, 1904. A sale under the decree in the partition suit followed July 11, 1904. Mrs. Jett was the buyer at the second sale. She also bought the certificate of purchase which had been issued in pursuance of the foreclosure sale, upon which eighteen months' redemption was allowed. The sale in the partition action was confirmed September 19, 1904, and the decree of confirmation directed the sheriff to apply the proceeds to the redemption of the property from the foreclosure sale, and return the canceled certificate. A sheriff's deed in pursuance of the sale in the partition suit was executed to Mrs. Jett October 13, 1904.

December 16, 1904, W. H. Bowers, who had acquired whatever rights Chester O. Woodcock had under the second mortgage, brought the present action for its foreclosure. He contends that the interest acquired by Mrs. Jett through her purchase of the certificate of purchase, which was issued in the first-mortgage foreclosure, merged with the title she obtained by purchase at the sale under the decree in the partition suit, and that the original second mortgage thereby became a first lien. We can not assent to this view. The doctrine of merger is equitable in its nature, and we see no sufficient reason for its application to this situation. In the partition case it might perhaps have been simpler for the court to have directed a sale of the mere equity in the property—of the property, subject to the rights arising under the first mortgage. But substantially the same result was accomplished by the sale of the property as a whole, with a direction to apply the proceeds, so far as necessary, to the first lien. Between the judgment in the partition proceedings and the sale thereon the property was sold under the fore-

closure decree, and the form of the first-mortgage lien was thereby changed from a judgment to a certificate of purchase, but it was essentially the same demand and was still a first charge.   The confirmation of the partition sale implies that it was regularly and fairly conducted.   As the proceeds of this second sale, after the payment of the costs and taxes, were directed to be applied to the lien of the first mortgage, and as these items practically exhausted the amount for which the property was sold, nothing was left for either the heirs or the second mortgagee.   Their failure to realize anything for their respective interests was the necessary consequence of the property not having brought a larger amount.

A formal redemption of the property from the sale on foreclosure does not appear to have been made, although the transaction as a whole doubtless amounted substantially to the same thing.   Mrs. Jett was the bidder at the partition sale, and she held the certificate of purchase, to the redemption of which the amount of her bid was to be applied.   The precise manner in which her preferred claim was applied to the amount of her bid is not important.   The certificate of purchase was treated as a credit upon her bid.   If there was a valid redemption her title is good in virtue of her purchase at the partition sale; the redemption was made in her behalf as the purchaser—the owner of the equity of redemption—and the property is no longer liable to the second mortgage.   (Civ. Code, § 477.)   If the proceedings are regarded as not amounting to a redemption, then her title is good in virtue of the sale under the mortgage foreclosure.   It may be suggested that in that view of the case she has not paid the amount of her bid at the partition sale.   The property was in effect bid off to her at the partition sale for substantially the claim she held against it.   What method was adopted in setting the one amount against the other is not very important.   We hold that in buying

at this sale, under a decree which appropriated the amount of the bid to the payment of her own claim, she did not take the property charged with the lien of the second mortgage, and that ruling is decisive of the controversy.

A contention has been made in behalf of Mrs. Jett that the second mortgage was barred by the judgment in the action brought to foreclose the first mortgage, and also by the judgment in the partition action. In view of what has already been said, it is not necessary to determine those questions.

The judgment is reversed and the cause remanded with directions to render a judgment quieting the title of Mrs. Jett.